UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY P. SHARP, JR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, <br><br> Defendant. | CAUSE NO.: 3:18-CV-187-RLM-MGG |

OPINION AND ORDER

Anthony P. Sharp, Jr., a prisoner without a lawyer, sued Warden Ron Neal after he slipped and fell on ice while housed at the Indiana State Prison. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Mr. Sharp alleges that, on December 29, 2017, while being escorted to the medical department, he slipped and fell on a step covered in snow and ice. He hurt his shoulder, ribs, hip and back. After his fall, he was taken to the medical department and given ice for his injuries, but no x-rays were taken and he wasn't provided with pain medication.

Mr. Sharp names only Warden Ron Neal as a defendant. It isn't clear why Sharp is suing Warden Neal, because he isn't mentioned in the body of the complaint. Section 1983 "liability depends on each defendant's knowledge and

actions, not on the knowledge or actions of persons they supervise." <u>Burks v. Raemisch</u>, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. <u>Moore v. State of Indiana</u>, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Sharp doesn't allege that Warden Neal was personally involved in either transporting him to the medical department when he fell or determining what medical care he received after his fall. The amended complaint doesn't state a claim against Warden Neal.[1]

The court will give Mr. Sharp a chance to replead his claims. <u>Luevano v. WalMart Stores, Inc.</u>, 722 F.3d 1014, 1022-1023, 1025 (7th Cir. 2013); <u>Loubser v. Thacker</u>, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible.

For these reasons, the court:

---

[1] Even if Warden Neal were personally involved in creating the conditions that led to Sharp's fall, the complaint does not state a claim. "In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, [a prisoner] needed only to allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). However, "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Id.*

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and sent it to Anthony P. Sharp, Jr.; and

(2) GRANTS Mr. Sharp to and including May 25, 2018, to file an amended complaint.

If Mr. Sharp doesn't respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 2, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT