UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY P. SHARP, JR.,

    Plaintiff,

v.          CAUSE NO.: 3:18-CV-187-RLM-MGG

RON NEAL,

    Defendant.

OPINION AND ORDER

Anthony P. Sharp, Jr., a prisoner without a lawyer, slipped and fell on ice while housed at the Indiana State Prison. As a result of that fall, he has filed an amended complaint (ECF 6) suing Warden Ron Neal, Officer Moore, and Sgt. Moon. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, the court must review the merits of a prisoner complaint. 28 U.S.C. § 1915A.

Mr. Sharp alleges that, on December 29, 2017, while being escorted by Officer Moore to the medical department, shackled at his wrists and legs, he slipped and fell on steps covered in snow and ice. He hurt his shoulder, ribs, hip, and back. He was taken to the medical department and given ice for his injuries, but no x-rays were taken and he wasn't provided with pain medication.

Mr. Sharp names Warden Ron Neal as a defendant, but the court has already explained to Mr. Sharp that if Warden Neal wasn't personally involved in the incident, he can't be held liable for it. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of

persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, doesn't apply to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Sharp doesn't allege that Warden Neal was personally involved in either taking him to the medical department when he fell or determining what medical care he received after his fall. The amended complaint doesn't state a claim against Warden Neal.

Similarly, Mr. Sharp alleges that Sgt. Moon, who is in charge of the crew that shovels snow, was responsible for failing to remedy the conditions that led to Mr. Sharp's fall. But the amended complaint doesn't allege that Sgt. Moon was aware of the need to clear ice and snow from the stairs or that he was involved in the events leading up to Mr. Sharp's fall. A claim of negligence isn't enough for a constitutional claim: a prisoner alleging deliberate indifference to a hazardous condition of confinement, must "allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Id.* Mr. Sharp hasn't alleged that Sgt. Moon did anything more than fail to promptly remove ice and snow from the stairs; that doesn't state a federal claim upon which relief can be granted.

2

Mr. Sharp alleges that Officer Moore was escorting him up the snow and ice covered stairs while his wrists and legs were shackled, and that Officer Moore failed to hold on to him adequately. This is insufficient to state a claim because Mr. Sharp doesn't allege that Officer Moore deliberately ignored conditions presenting a sufficiently serious risk of harm. *See* Anderson v. Morrison, 835 F.3d 681, 683 (7th Cir. 2016) (finding that Anderson stated a claim against a guard who refused his request for assistance and forced Anderson to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back); Perkins v. Pfister, 711 Fed.Appx. 335, 337 (7th Cir. 2017) (distinguishing *Anderson* and finding an inmate who alleged he was occasionally required to walk dry, uncluttered stairs while handcuffed behind the back did not state a claim); Boclair v. Baldwin, Case No. 17CV142, 2017WL6813694, *3 (N.D. Ill. Apr. 28, 2017) (icy path where prisoner slipped "did not present a danger so perilous as to implicate the Eighth Amendment."). Mr. Sharp doesn't describe how he was shackled, or explain if he had any ability to use his hands to hold on to a handrail. He doesn't describe how many stairs he was required to climb. He doesn't describe the conditions of the stairs in any detail, other than indicating they were covered with snow and ice. While Mr. Sharp alleges that Officer Moore failed to hold on to him, he doesn't indicate if he asked Officer Moore for assistance and, if so, how Officer Moore responded to his request. And it's unclear if Mr. Sharp's medical condition contributed to his ability to navigate the stairs, or whether Officer Moore was aware of his medical condition or its impact on Mr.

Sharp. Without more details, the amended complaint doesn't state a claim upon which relief can be granted against Officer Moore.

Mr. Sharp complains about the medical care he received from Nurse Suzanna, but he doesn't name her or any other medical provider as a defendant. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Nurse Suzanna provided some medical care for Mr. Sharp's injuries: she gave him ice. While Mr. Sharp alleges he was send back to his cell in excruciating pain, it's not clear if he communicated to Nurse Suzanna or anyone else the extent of his pain, or that he asked for pain medication. Mr. Sharp also indicates that X-rays weren't taken, but it's unclear why he believes X-rays were warranted. In short, the amended complaint

asserts no facts suggesting that any of the defendants named in this lawsuit or even Nurse Suzanna, who isn't named, were deliberately indifferent to Mr. Sharp's medical needs.

While the amended complaint doesn't state a claim, the court will give Mr. Sharp another opportunity to replead his claims. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In the second amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and sent it to Anthony P. Sharp, Jr.; and

(2) GRANTS Anthony P. Sharp, Jr. to and including July 16, 2018, to file a second amended complaint.

If Mr. Sharp doesn't respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on June 13, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

5