UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTHONY P. SHARP, JR., | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-187-RLM-MGG |
| RON NEAL, | |
| Defendant. | |

OPINION AND ORDER

Anthony P. Sharp, Jr., a prisoner without a lawyer, slipped and fell on ice while housed at the Indiana State Prison. As a result of that fall, he has filed a second amended complaint (ECF 8) suing Officer Moore. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Mr. Sharp alleges that, on December 29, 2017, he was having chest pain and anxiety. The medical department was called and said that Mr. Sharp should be brought over to be examined. He was shackled at the legs and wrists, with his hands behind his back. Officer Moore escorted Mr. Sharp to the medical building. There were four or five steps covered in snow and ice in front of the medical building. Mr. Sharp asked Office Moore to help him climb the steps. Officer Moore responded by indicating that Mr. Sharp would have to get up the steps the best way that he could, because he is "the one whom asked to come to

medical." (ECF 8 at 3.) Mr. Sharp then slipped and fell on the steps, injuring his shoulder, ribs, hip, and back.

A prisoner alleging deliberate indifference to a hazardous condition of confinement, must "allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014). "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Id.* But, when slippery floors are combined with other dangerous conditions, a prisoner may state a claim of deliberate indifference. *See* Anderson v. Morrison, 835 F.3d 681, 683 (7th Cir. 2016) (finding that Anderson stated a claim against a guard who refused his request for assistance and forced Anderson to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back). *But see* Perkins v. Pfister, 711 Fed.Appx. 335, 337 (7th Cir. 2017) (distinguishing *Anderson* and finding an inmate who alleged he was occasionally required to walk dry, uncluttered stairs while handcuffed behind the back did not state a claim); Boclair v. Baldwin, Case No. 17CV142, 2017WL6813694, *3 (N.D. Ill. Apr. 28, 2017) (icy path where prisoner slipped "did not present a danger so perilous as to implicate the Eighth Amendment.").

Mr. Sharp alleges hazardous conditions beyond a mere slippery surface. He alleges that he was made to climb stairs covered in ice and show without assistance, despite a request, while shackled at both the wrists and feet in such a way that using his hands would be difficult if not impossible. Giving Mr. Sharp

2

the benefit of the inferences to which he is entitled at this stage of the litigation, his allegations state a claim upon which relief can be granted.

For these reasons, the court:

(1) GRANTS Anthony P. Sharp, Jr. leave to proceed against Officer Moore on his claim that he was deliberately indifferent to Mr. Sharp's safety when escorting him to the medical department on December 29, 2017, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Moore at the Indiana Department of Correction with a copy of this order and the complaint (ECF 8) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Moore respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 1, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT